# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DOUGLAS SMITH, DISTRICT JUDGE,
Respondents,
    and
DONALD EDWARD BROWN,
Real Party in Interest.

No. 72226

FILED

DEC 1 9 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY___S. Young___
DEPUTY CLERK

## *ORDER DENYING PETITION*

This is an original petition for a writ of prohibition against a district court order granting a motion for an independent psychological examination of a minor. At oral argument, the real party in interest agreed the order should be vacated because the proposed examinee has reached the age of majority, raising new issues not considered or resolved in district court. Given this concession, we deny writ relief. We do so on the understanding that the existing order for examination will be vacated on stipulation but that the vacatur shall be without prejudice to the right of the real party in interest to initiate a new request for an independent psychological examination of the now-adult alleged victim in this case. Such request, if made, shall be determined as an original matter, without

17-43851

giving law-of-the-case or other preclusive effect to the vacated order that was the subject of the State's petition in this case.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Douglas Smith, District Judge
      Attorney General/Carson City
      Clark County District Attorney
      Turco & Draskovich
      Eighth District Court Clerk

CHERRY, C.J., dissenting:

The majority denies the State's petition for writ relief without considering an important issue of law in need of clarification raised in the petition. *See Matter of Beatrice B. Davis Family Heritage Tr.*, 133 Nev., Adv. Op. 26, 394 P.3d 1203, 1207 (2017) (stating that "even if an adequate legal remedy exists," we "will consider a writ petition if an important issue of law needs clarification"). Specifically, while this court has never explicitly expanded its precedent authorizing court-ordered psychological examination of an alleged child victim of sexual abuse to include non-sexual abuse, our reasoning in those cases appears to apply with similar force. For example, as we stated in *Abbott v. State*, "[c]hild victims are, and rightly so, compelling, sympathetic witnesses," but "allowing a child victim to decline to submit to a psychological evaluation when the defendant has proved a compelling need . . . subjects that defendant to a very sympathetic, adverse witness, without an opportunity to present an adequate depiction of the child's character for truthfulness." 122 Nev. 715, 726, 138 P.3d 462, 469-70 (2006). While the Legislature has since enacted a statute prohibiting court-ordered psychological examinations of alleged victims "relating to the commission of a *sexual* offense," its plain text does not demonstrate the specific intent to abandon court-ordered psychological examinations in non-sexual abuse cases. *See* NRS 50.700(1) (emphasis added). Therefore, I would clarify this issue of law. For this reason, I respectfully dissent.

_____, C.J.
Cherry